UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ernestine Cooke, as Personal Representative of the Estate of JOHN COOKE, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case Action No.: 3:26-CV- 01481-JDA <br><br><br> **COMPLAINT** |

**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**

Plaintiff Estate of JOHN COOKE, JR.by and through its Personal Representative

Ernestine Cooke ("JOHN COOKE, JR.,"), by counsel, alleges and states as follows:

**INTRODUCTION**

1.      This is an action against Defendant UNITED STATES OF AMERICA pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq.* and 28 U.S.C. §1346(b)(1), seeking money damages for gross negligence, recklessness, medical malpractice, and wrongful death in connection with the medical care and services provided to Plaintiff JOHN COOKE, JR. by the Defendant, by and through its Department of Veterans Affairs at its William Jennings Bryan Dorn Department of Veterans Affairs Medical Center and affiliated facilities located in Columbia, South Carolina.

**PARTIES, JURISDICTION AND VENUE**

2.      Plaintiff ERNESTINE COOKE was appointed the Personal Representative of the ESTATE OF JOHN COOKE, JR. by the Richland County Probate Court in Columbia, South Carolina by Order dated March 10, 2026, a copy of which is attached hereto as **Exhibit A**.  (South Carolina Probate Court Case No. 2025-ES-40-00041, filed 02/06/2026).

3. ERNESTINE COOKE is a statutory heir of her father, JOHN COOKE, JR.

4. Defendant UNITED STATES OF AMERICA, by and through its agency, the Department of Veterans Affairs (hereinafter "VA"), operates the William Jennings Bryan Dorn Department of Veterans Affair Medical Center and its related facilities on a campus located at 6439 Garners Ferry Road, Columbia, SC 29209 (hereinafter collectively referred to as "DORN VA MEDICAL CENTER").

5. Plaintiff brings this action against Defendant UNITED STATES OF AMERICA pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, et seq. and 28 U.S.C. §1346(b)(1), seeking money damages for gross negligence, recklessness, medical malpractice, and wrongful death in connection with the medical care and services provided to Plaintiff JOHN COOKE, JR. by the Defendant, by and through the VA at its DORN VA MEDICAL CENTER.

6. ERNESTINE COOKE filed an administrative tort claim (Standard Form 95 - Claim for Damage, Injury, or Death) on behalf of her father John Cooke, Jr. with the VA on April 27, 2025, regarding the death of her father on October 8, 2024, as required by 28 U.S.C. §2675 a copy of which is attached hereto as **Exhibit B**.

7. The administrative tort claim filed by ERNESTINE COOKE on April 27, 2025 was denied by the VA in a letter dated October 10, 2025 a copy of which is attached hereto as **Exhibit C**.

8. This action falls within the requirements of S.C. Code Ann. Sections 15-51-10 et seq. (Wrongful Death Act) and 15-5-90 (survival of tort actions) as well as South Carolina's common law of torts.

9. The amount in controversy in this matter exceeds the sum of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS, exclusive of interest and costs.

10.     Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

11.     Venue is proper under 28 U.S.C. 1402(b) as all, or a substantial portion of the acts or omissions at issue in this matter occurred within the District of South Carolina.

12.     This action has been timely filed and served upon the UNITED STATES OF AMERICA within two (2) years of the actions that are the basis of the suit.

13.     This action was filed within six (6) months of the notice of the final denial of Plaintiff's administrative tort claim provided by the VA in a letter dated October 10, 2025, as required by 28 U.S.C. § 2401(b).  See **Exhibit C**.

## FACTS

14.     JOHN COOKE, JR. was a veteran of the Armed Forces of the United States serving as a soldier in the United States Army during the Vietnam War era.

15.     DORN VA MEDICAL CENTER provided veterans like JOHN COOKE, JR. with many healthcare and social services.

16.     As he aged, JOHN COOKE, JR. developed several chronic medical conditions and slowly lost the ability to work, walk unaided, and perform the activities of daily living ("ADLs') for himself.

17.     After assessing JOHN COOKE, JR.'s medical conditions and disabilities, the VA classified him as a 100% disabled veteran.

18.     As a completely disabled veteran, the VA provided JOHN COOKE, JR. with services for mental and physical health care as well as disability income, counselling, transportation, lodging, and assistance with his medical and living challenges.

19.     DORN VA MEDICAL CENTER assessed JOHN COOKE, JR. and determined he required assistance with ADLs, housing and transportation from the VA.

20.    DORN VA MEDICAL CENTER determined that JOHN COOKE, JR. required full-time residential care and eventually moved him to its Community Living Center ("CLC") which is co-located with its hospital on the DORN VA MEDICAL CENTER campus.

21.    DORN VA MEDICAL CENTER employees and agents monitored JOHN COOKE, JR.'s living situation and medical care at the CLC and during two (2) hospitalizations in DORN's hospital.

22.    DORN VA MEDICAL CENTER provided Mr. COOKE with an electric wheelchair and Hoyer lifter to aid with his mobility because he was unable to get in and out of bed or to move about on his own.

23.    DORN VA MEDICAL CENTER restricted JOHN COOKE, JR. to the DORN VA MEDICAL CENTER's campus and only allowed him to leave the campus when he was accompanied by VA staff or a private caregiver.

24.    The VA arranged for Mr. COOKE to hire private caregivers via a VA appointed fiduciary using a portion of Mr. COOKE's disability income.

25.    On October 2, 2024, DORN VA MEDICAL CENTER drafted a baseline care plan for JOHN COOKE, JR. while he lived at CLC.

26.    The VA's baseline care plan for JOHN COOKE, JR. noted, *inter alia*, that he was at risk for "elopement" (leaving the DORN VA MEDICAL CENTER campus without permission) due to his anger and cognitive impairment issues.

27.    The baseline care plan for JOHN COOKE, JR. emphasized that Mr. COOKE was not allowed "to leave [Dorn's] campus unless accompanied by staff or paid caregiver."

28.    On October 5, 2024, DORN VA MEDICAL CENTER found JOHN COOKE, JR. unresponsive in his CLC hospital bed.  He was immediately transferred to the Emergency

4

Department at DORN VA MEDICAL CENTER where he was intubated due to acute hypoxic and hypercapnic respiratory failure.

29. On October 7, 2024, JOHN COOKE, JR. was extubated and found to be in an altered mental state and unable to answer questions correctly.

30. JOHN COOKE, JR.'s inability to speak coherently on October 7th was significant because he had been able to easily answer similar questions prior to October 5th.

31. On October 7, 2024, DORN VA MEDICAL CENTER transferred JOHN COOKE, JR to a ward in DORN's hospital known as 2W to recover from his serious medical condition.

32. On the morning of October 8, 2024, DORN VA MEDICAL CENTER's employees and agents on 2W transferred JOHN COOKE, JR. to his motorized wheelchair so he could go outside to smoke.

33. DORN VA MEDICAL CENTER's employees and agents made no attempt to abide by the VA's earlier restriction of JOHN COOKE, JR. to DORN's campus prior to releasing him from 2W on October 8, 2024.

34. DORN VA MEDICAL CENTER's employees and agents made no attempt to arrange for JOHN COOKE, JR. to be accompanied by either a VA staff member or a private care giver as required by VA's earlier restrictive orders prior to releasing him from 2W on October 8, 2024.

35. Additionally, DORN VA MEDICAL CENTER's employees and/or agents neither authorized nor attempted to authorize JOHN COOKE, JR.'s departure from his hospitalization in 2W on October 8, 2024 as was required by DORN's own policies and procedures.

36. JOHN COOKE, JR., was struck by a motorist while attempting to cross the seven (7) lanes of Garners Ferry Road in a crosswalk just outside DORN VA MEDICAL CENTER's

main entrance at approximately 10:50 a.m. on October 8, 2024. He was transported to another hospital by local EMS personnel but died of his injuries later in the day.

37.    DORN VA MEDICAL CENTER's failure to follow its own procedures for restricting JOHN COOKE, JR. to its facility and the delay in informing ERNESTINE COOK about the collision and her father's death, caused ERNESTINE COOKE significant mental and emotional distress and trauma.

## DEVIATIONS FROM THE STANDARDS OF CARE

38.    Plaintiff attaches the affidavit and curriculum vitae of Janice K. Holloway DNP, FNP-BC specifying claims of negligent acts or omissions claimed to exist and the factual basis for each claim, based on the available evidence as required by S.C. Code Ann. §15-36-100. Said documents are attached hereto as **Exhibit D** and specifically incorporated by reference into this Complaint.

39.    Defendant owed a duty to Plaintiff to properly evaluate John Cooke, Jr. medical and psychological condition in order to render proper care, treatment and living conditions in accordance with the prevailing standard of care applicable to medical providers confronted with the same or similar circumstances.

40.    Defendant was negligent, grossly negligent, willful, wanton and reckless in the following particulars and deviated from the appropriate standards of care, with each sub-paragraph below sufficient to support the relief sought:

   a.    Failure to have routine bed checks or patient location checks for patients known to be at high risk for elopement,
   b.    Failure to provide an alternate person to accompany patient and alert the staff if patient goes off the ward,
   c.    Failure to follow physician's orders regarding patient not being allowed to leave the ward during the admission to 2W just before his death,

6

    d.    Failure to use a tracking or documentation system to communicate information between staff, and

    e.    Failure to use electronic technology, such as a wander alert system, to identify a patient wandering away for a unit.

41.    The aforementioned deviations from the standard of care constitute negligent, reckless and/or wanton acts or omissions in the care provided JOHN COOKE, JR. and these acts or omission ultimately led to his injuries and death.

**FIRST CAUSE OF ACTION**
**(Wrongful Death – S.C. Code § 15-51-10 et seq.)**

42.    Plaintiff incorporates the preceding paragraphs above as if set forth verbatim herein.

43.    DORN VA MEDICAL CENTER owed JOHN COOKE, JR. a duty of care to provide medical care, geriatric management, and social services in a safe environment that accommodated Mr. COOKE's known medical and mobility needs pursuant to the Defendant's own policies and procedures as well as the applicable standards of medical and disability care.

44.    DORN VA MEDICAL CENTER breached its duty of care to JOHN COOKE, JR. through the wrongful acts and omissions of its employees and agents which constituted gross negligence, willfulness, and/or recklessness pursuant to South Carolina law.

45.    As a direct and proximate result of the actionable conduct of DORN VA MEDICAL CENTER, the statutory heirs of JOHN COOKE, JR. have suffered great mental anguish, bereavement, emotional distress, anxiety, grief, and sorrow from the loss of Mr. COOKE.

46.    Although JOHN COOKE, JR. lived apart from his children and grandchildren, they remained connected to one another through telephone conversations, visits and family ties during which he provided them with society, advice, companionship, consortium, comfort, protection, and pecuniary benefit.

47.     As a result of Defendant's tortious acts or omissions, JOHN CLARKE, JR. died and his heirs have suffered damages due to his absence in their lives.

48.     Pursuant to the South Carolina Wrongful Death Act, S.C. Code § 15-51-10 et seq., Plaintiff is entitled to recover an award for actual damages on behalf of the statutory beneficiaries in an amount to be determined by the trier of fact in the trial of this action and for such additional relief the Court deems just and proper.

## SECOND CAUSE OF ACTION
### (Medical Malpractice/Gross Negligence)

49.     Plaintiff incorporates the preceding paragraphs above as if set forth verbatim herein.

50.     At all times relevant to the allegations contained herein, DORN VA MEDICAL CENTER owned, operated, controlled, and managed facilities in Columbia, South Carolina that provided veterans such as JOHN COOKE, JR. with, *inter alia*, medical care, geriatric management, social services, housing, transportation and a disability income.

51.     To provide the services listed above, DORN VA MEDICAL CENTER provided personnel, including physicians, nurses, employees, social workers, administrators, agents, fiduciaries and other caregivers, and held itself out to the veteran community as a source of the professional services and benefits promised to the Nation's veterans in South Carolina.

52.     At all times relevant to the allegations contained herein, DORN VA MEDICAL CENTER represented that it, and its physicians, nurses, employees, social workers, administrators, agents, and other caregivers, were competent to provide veterans such as JOHN COOKE, JR. with the medical care, long-term care, assistance with the activities of daily living ("ADLs"), geriatric management, ambulatory assistance and other social services the veteran required pursuant to DORN VA's own policies, procedures and orders, as well as relevant national standards of care.

8

53.     At all times relevant to the allegations contained herein, DORN VA MEDICAL CENTER and its physicians, nurses, employees, social workers, administrators, agents, and other caregivers undertook the duty to render professional medical, geriatric, ADLs and ambulatory care in a safe and secure environment for veterans such as JOHN COOKE, JR. in accordance with DORN VA MEDICAL CENTER's own policies and procedures as well as the prevailing professional standards of care for medical providers in the national community.

54.     At all times relevant to the allegations contained herein, DORN VA MEDICAL CENTER and its physicians, nurses, employees, social workers, administrators, agents, and other caregivers undertook the duty to render social services such as housing, transportation, life skill coaching, disability and ADLs accommodations, and personal care assistance in a safe and secure environment for veterans such as JOHN COOKE, JR. in accordance with DORN VA MEDICAL CENTER's own policies and procedures as well as the prevailing professional standards of care for medical providers in the national community.

55.     While JOHN COOKE, JR. was under the care and control of the Defendant, DORN VA MEDICAL CENTER, its physicians, nurses, employees, social workers, administrators, agents, and other caregivers departed from DORN's own policies, procedures and orders put in place by its employees and agents, as well as the prevailing and acceptable national professional standards of care and treatment; accordingly, DORN VA MEDICAL CENTER carelessly, grossly negligently, recklessly and willfully breach the duties it owed to JOHN COOKE, JR. and are therefore liable for one or more of the following tortious acts of omission and/or commission by:

a.     failing to appreciate the significance of JOHN COOKE, JR.'s medical condition, limited mental capability and mobility;

b.     failing to abide by its own restrictions on the movement of JOHN COOKE JR. from the DORN VA MEDICAL CENTER's campus;

c.     failing to ensure its own restrictions and requirement for JOHN COOKE, JR. to be accompanied by a caregiver when leaving the DORN campus;

9

d.  failing to implement the required restrictions on a patient who was a risk of elopement such as JOHN COOKE, JR.;

e.  failing to appropriately address JOHN COOKE, JR.'s deteriorating medical and mental conditions in an appropriate and timely manner;

f.  failing to update orders and/or continue restrictions for JOHN COOKE, JR.;

g.  failing to effectively monitor JOHN COOKE, JR's movement within and without of the DORN campus and its facilities;

h.  failing to provide adequate safety, security and mobility support to properly secure JOHN COOKE, JR. in its facilities;

i.  failing to provide adequate and appropriate medical, geriatric, and ambulatory care to JOHN COOKE, JR. in its facilities;

j.  failing to properly train and educate its physicians, nurses, employees, social workers, administrators, agents, and other caregivers to properly treat, care for and restrict the movements of JOHN COOKE, JR.;

k.  failing to properly supervise its physicians, nurses, employees, social workers, administrators, agents, and other caregivers in their provision of proper treatment and care, as well as movement restrictions for JOHN COOKE, JR.;

l.  failing to render proper routine care and impose reasonable limitations on the comings and goings of JOHN COOKE, JR. from DORN VA MEDICAL CENTER's facilities;

m.  failing to exercise the degree of care and caution that a reasonably prudent hospital and/or nurse would have exercised under the circumstances then and there existing; and failing to use the degree of care required by DORN VA MEDICAL CENTER's own policies and procedures as well as the reasonable skill and prudence under the prevailing standards of care of similar health care providers; and

n.  other negligent or grossly negligent acts and/or omission yet to be determined or discovered as may be ascertained through the discovery process.

56.  As a direct and proximate result of the gross negligence, recklessness, and wanton departures from the professional standards of care by DORN VA MEDICAL CENTER and its physicians, nurses, employees, social workers, administrators, agents, and other caregivers, JOHN COOKE, JR. was allowed to leave the confines of the DORN VA MEDICAL CENTER without permission or assistance which placed him in a dangerous situation he was not able to manage himself thereby causing him to suffer debilitating and catastrophic injuries along with the associated pain and suffering which eventually took his life.

10

57.	The tortious acts and/or omissions of the Defendant and that of its physicians, nurses, employees, social workers, administrators, agents, and other caregivers caused JOHN COOKE, JR.'s damages and injuries, without any act, omission to act, or negligent act on the part of Mr. COOKE or any third party, contributing thereto.

58.	Accordingly, the ESTATE OF JOHN COOKE, JR. is entitled to recover from DORN VA MEDICAL CENTER a sum of money to compensate him for his actual damages, pain and suffering, loss of enjoyment of life, and other injuries in an amount determined by the trier of fact.

**THIRD CAUSE OF ACTION**
**(Negligent Supervision and Control)**

59.	Plaintiff incorporates the preceding paragraphs above as if set forth verbatim herein.

60.	Defendant DORN VA MEDICAL was grossly negligent in hiring and supervising of its physicians, nurses, employees, social workers, administrators, agents, and other caregivers who were careless, unskillful, negligent, and who did not possess the requisite knowledge and skill of other professionals performing the same tasks in the community.

61.	By reason of the above, JOHN COOKE, JR., sustained great pain, agony, suffering, injury, infection, loss of autonomy, complete loss of mobility, suffering, hospitalization, surgery, mental anguish, emotional distress and ultimately, death.

62.	Accordingly, the ESTATE OF JOHN COOKE, JR. is entitled to recover from DORN VA MEDICAL CENTER a sum of money to compensate him for his actual damages, pain and suffering, loss of enjoyment of life and other injuries in an amount determined by the trier of fact.

## SURVIVAL RIGHT OF ACTION
### (S.C. Code § 15-5-90)

63.     Plaintiff incorporates the preceding paragraphs above as if set forth verbatim herein.

64.     JOHN COOKE, JR. suffered injury and damages proximately caused by the tortious conduct of DORN VA MEDICAL CENTER, which include, but are not limited to:

   a.     Conscious pain and suffering;
   b.     Mental and emotional distress; and
   c.     Actual and consequential damages.

65.     As a result of Defendant DORN VA MEDICAL CENTER's tortious conduct, Defendant is liable to Plaintiff for any and all damages suffered due to DORN VA MEDICAL CENTER's failure to restrain and/or otherwise control the movement of JOHN COOKE, JR., a disabled veteran who was in Defendant's care at all times relevant to this action.

66.     Plaintiff's causes of action for JOHN COOKE, JR.'s injuries and damages survive John's death and pass to his estate

**WHEREFORE**, Plaintiff ERNESTINE COOK, as the Personal Representative of the ESTATE OF JOHN COOKE, JR. deceased, respectfully prays for judgment in the amount of $2,500,000.00 against Defendant UNITED STATES OF AMERICA, herein, on all causes of action, as follows:

1) Medical expenses, pain and suffering, anxiety for an impending death and loss of enjoyment of life;

2) The pecuniary loss of the statutory heirs pursuant to S.C. Code §15-51-10.

3) Costs and attorney's fees incurred in this civil action; and

4) Such other relief as the trier of fact deems just and proper.

Respectfully submitted on April 9, 2026.

**SOLOMON LAW GROUP, LLC**

BY: s/ Robert B. Phillips
   Carl L. Solomon (6684)
   Daquan S. Blyther (13399)
   Marshall James (13116)
   Robert B. "Sam" Phillips (7653)
   P.O. Box 1866
   Columbia, SC 29202
   Office: (803) 391-3120
   Facsimile: (803) 509-7032

   **ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina